DAVID BAILEY, *PRO SE*
7902 S. GRANDVIEW AVENUE
TEMPE, AZ 85284
(602) 750-3568

FILED ____ LODGED
____ RECEIVED ____ COPY

MAY 1 7 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

# IN THE UNTED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF ARIZONA

DAVID BAILEY, *PRO SE*  )
                        )
        Plaintiff,      )
                        )    **COMPLAINT**
    vs.                 )
                        )
BANK OF AMERICA,        )    CV-11-975-PHX-DKD
                        )
        Defendant.      )

PLAINTIFF DAVID BAILEY [*Pro Se*] sues DEFENDANT BANK OF AMERICA and alleges as follows:

1.  This is an action for unfair and deceptive acts in violation of The Fair Debt Collections Act 51 U.S.C. § 16921 and The Fair Credit Reporting Act 15 U.S.C. § 1681 which arise from DEFENDANT'S unlawful acts, which includes, but is not limited to; multiple harassing after-hours telephone calls; failure to respond to production demands of the alleged contract(s) and account information; failure to cease calls to PLAINTIFF despite both verbal and written demands to cease and desist; failure to communicate with PLAINTIFF's legal counsel; failure to respond to a notice of dispute; and, failure to properly report a notice of dispute to any credit reporting agency.

2.  On or before February 21, 2011 PLAINTIFF was informed that DEFENDANT alleged that a debt was owed and DEFENDANT was attempting to collect said debt.

3.  On or before February 21, 2011 and for the next four (4) months, PLAINTIFF continued to inform DEENDANT both in writing and verbally that PLAINTIFF was represented by legal counsel, demanded that the harassing after-hours telephone calls cease, demanded a copy of the alleged contract and account be produced and demanded that DEFENDANT contact his legal counsel.

4.  Despite PLAINTIFF's lawful demands, DEFENDANT continued unfair and deceptive acts in violation of The Fair Debt Collection Practices Act and The Fair Credit Reporting Act.

5.  PLAINTIFF has suffered both actual damages, damages to his credit and emotional distress and embarrassment due to DEFENDANT's conduct. PLAINTIFF prays this Court award PLAINTIFF both actual damages and sanctions against DEFENDANT.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C.§ 1121 and 28 U.S.C. § 1338(a) and (b). Personal jurisdiction in this district is proper inasmuch as DEFENDANT has solicited and conducted business within the state of Arizona, thereby purposely availing itself of the privilege of acting in the State of Arizona.

7. Venue is proper in this district under 29 U.S.C.§ 1132(e)(2) and 28 U.S.C.§ 1391(b), because the duty and violations alleged herein occurred in this district and DEFENDANT does business and is found in this district.

## PARTIES

8. This action is brought by *Pro Se* PLAINTIFF DAVID BAILEY, hereinafter referred to as "PLAINTIFF", a resident of the State of Arizona and residing in the State of Arizona as his domicile.

9. Upon information and belief, DEFENDANT BANK OF AMERICA, hereinafter referred to as "DEFENDANT", is a for-profit corporation organized, existing and doing business in and under the laws of the State of Arizona.

10. On information and belief, DEFENDANT is one of the largest banks in the US with assets over 2 trillion and DEFENDANT is traded on the New York Stock Exchange (NYSE). DEFEDANT'S core services include consumer and small business banking, corporate banking, credit cards, mortgage lending, and asset management. DEFENDANT is also one of the world's leading wealth managers with more than \$2 trillion under management.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

11. The Fair Debt Collection Practices Act (FDCPA) was passed by Congress and is enforced by The Fair Trade Commission (FTC) to ensure fair debt collection by debt collectors. In 1977, Congress passed the FDCPA, 15 U.S.C. §§1692-1692p, which became effective on March 20, 1978 and has been in force since that date.

12. Section 804 of the FDCPA, 15 U.S.C. § 1692b, provides in part:

> "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector." Emphasis added.

13. DEFENDANT was informed on multiple occasions in writing and verbally by PLAINTIFF that he was represented by counsel and demanded that DEFENDANT direct all communications to PLAINTIFF's attorney with regard to the specific account. See attached Exhibit "A", February 21, 2011 letter "Notice to Cease and Desist", U.S. Mail Certified Received on February 26, 2011.

14. DEFENDANT knowingly violated Section 804 of the FDCPA, 15 U.S.C. § 1692b by persistent communication with PLAINTIFF despite his known representation.

15. Section 805 of the FDCPA, 15 U.S.C. § 1692c, provides in part:

> "(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location..." (emphasis added)

16. DEFENDANT's after-hours and harassing telephone calls to PLAINTIFF's home several times a week for more than four months, many times before 7a.m. despite PLAINTIFF's objection was unreasonably frequent and was a direct and intentional violation of section 805 of the FDCPA, 15 U.S.C. § 1692c.

4

17. Section 805 of the FDCPA, 15 U.S.C. § 1692c, further provides in part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

> (1) to advise the consumer that the debt collector's further efforts are being terminated;

> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

18. DEFENDANT intentionally disregarded PLAINTIFF's verbal and written demands to cease communication directly with PLAINTIFF and instead communicate only though PLAINTIFF's legal counsel is a direct and intentional violation of section 805 of the FDCPA, 15 U.S.C. § 1692c. See attached Exhibit "A", February 21, 2011 letter "Notice to Cease and Desist", U.S. Mail Certified Received on February 26, 2011.

19. Section 806 of the FDCPA, 15 U.S.C. § 1692d, provides in part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

20. DEFENDANT's after-hours and harassing telephone calls to PLAINTIFF's home several times a week for more than four months, many times before 7a.m. was

unreasonably frequent and was a direct and intentional violation of Section 806 of the

FDCPA, 15 U.S.C. § 1692d.

21. Section 806 of the FDCPA, 15 U.S.C. § 1692d further provides in part:

> " (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." (emphasis added)

22. Despite numerous demands, both written and verbal, DEFENDANT failed to provide

PLAINTIFF with a copy of any alleged contract, account or verify the debt is a direct

violation of section 806 of the FDCPA, 15 U.S.C. § 1692d.

**COUNT II**
**THE FAIR CREDIT REPORT ACT VIOLATIONS**

23. The Fair Credit Reporting Act (FCRA) was enacted in 1970 and became effective on

April 25, 1971 and has been in effect since that date. In 1996 the FCRA was amended

extensively by Congress. Among other things, Congress added Section 623 of the

Act, which became effective on October 1, 1997.

24. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional test set forth by the FTC Act.

25. Section 623(a)(3) of the FCRA further provides that if the completeness or accuracy of any information furnished by any person to any Consumer Reporting Agency (CRA) is disputed to such person by any consumer, the information must be noted as disputed in the information reported by such person to any CRA. This provision does not require consumer disputed to be in writing.

26. Section   623(d) of the FCRA provides the duties of furnishers of information upon notice of dispute, and states furnishers must:

      a.   Conduct an investigation of the dispute;
      b.   Review all information provided by the consumer relating to the dispute;
      c.   Respond within 30 days to the investigation;
      d.   If the information is inaccurate, they must notify the credit bureaus of the mistake and tell the credit bureau to correct it.

27. Upon receipt of Notice of Disputed Debt Section 623 of the FCRA provides that Creditor shall inform Credit Reporting Agencies of the disputed account within a 30 day period.

28. DEFENDANT failed to respond or comply with the section 623 of the FCRA despite PLAINTIFF's February 21, 2011 letter "Notice to Produce Documents" and "Notice of Dispute", U.S. Mail Certified Received on February 26, 2011. See attached Exhibit "A".

29. In further violation, PLAINTIFF never received a Notice of Results of Reinvestigation in violation of section 623 of the FCRA.

30. On February 22, 2011, PLAINTIFF forwarded Dispute Notices via Certified Mail to all Credit Reporting Agencies. See attached Exhibit "B", "Dispute Letter" sent via the U.S. Postal Service Certified Mail to TransUnion; "Dispute Letter" sent via the U.S. Postal Service Certified Mail to Experian; and, "Dispute Letter" sent via the U.S. Postal Service Certified Mail to Equifax.

31. In violation of section 611 of the FCRA, DEFENDANT failed to report disputed accounts.

32. Despite numerous demands to DEFENDANT, both verbally and in writing, that PLAINTIFF disputed the completeness or accuracy of any information furnished, DEFENDANT failed to report the dispute to any credit agency.  See attached Exhibit "C ", PLAINTIFF's May 10, 2011 Credit Report.

33. No changes made or noted on PLAINTIFF's credit report despite over 45 days of DEFENDANT receiving the dispute notice caused PLAINTIFF humiliation and stress when rejected and unable to qualify for credit.

### DAMAGES

34. DEFENDANT's acts and practices constitute intention unfair and deceptive acts.

35. The FCRA permits a consumer to recover "any actual damages sustained by the consumer as a result" of willful noncompliance with FCRA. 15 U.S.C. § 1681n(a)(1), The FCRA also permits recovery of actual damages in cases of negligent noncompliance. 15 U.S.C. § 1681n(a)(1).

36. The FCRA provides that actual damages may include economic damages and damages for "humiliation and mental distress" section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

37. Because of the size of DEFENDANT, the amount of assets and because, on information and belief, PLAINTIFF has engaged in a pattern of either willful or negligent noncompliance with the FDCPA and the FCRA, PLAINTIFF requests sanctions in excess of the statutory amount and requests sanctions which represents a percentage of DEFENDANTS net worth.

38. Furthermore, PLAINTIFF prays the Court will Order DEFENDANT to pay monetary civil penalties of $100,000.00 for behavior patterns of constant violations of the FDCPA to PLAINTIFF.

39. PLAINTIFF also prays the Court will Order DEFENDANT to pay monetary civil penalties of $100,000.00 for causing PLAINTIFF's emotional distress, personal humiliation and mental anguish for behavior patterns of constant violations of the FCRA.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 16921, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

A. PLAINTIFF prays this Court will restrict and sanction DEFENDANT from employing practices which violated PLAINTIFF's consumer rights which are safeguarded under the FCRA and the FDCPA.

B. Restrict and Sanction DEFENDANT from filing similar Complaints for Money and Damages against PLAINTIFF;

C. Order PLAINTIFF's to comply with Discovery so that PLAINTIFF can determine whether DEFENDANT is charging usurious and unenforceable amounts of interest and fees.

D. Award PLAINTIFF the costs of bringing this action, as well as such other and additional relief as with Court may deem just and appropriate;

E. Order DEFENDANT to pay PLAINTIFF monetary civil penalties of $100,000.00 for behavior pattern of constant violations of the FDCPA and intention infliction of emotional distress as alleged in this Complaint;

F. Order DEFENDANT to pay PLAINTIFF monetary civil penalties of $100,000.00 for behavior pattern of constant violations of the FCRA and personal humiliation and mental anguish as alleged in this Complaint.

Respectfully submitted,

_____
DAVID BAILEY, PRO SE

5-17-2011
DATE

**Certificate of Service**

I hereby certify that on [**Date**: 5/17/2011 ], a copy of foregoing [**Complaint**] was filed personally with the U.S. District Court of Arizona, Return Receipt Requested. All other parties will be served by Certified U.S. Mail. Parties may access this filing through the Court's system.

David Bailey, *Pro Se*
7902 S. Grandview Avenue
Tempe, AZ 85284
(602) 750-3568

It is the responsibility of the filing party to ensure that all other parties are properly served.

Respectfully submitted,

David Bailey, *Pro Se*

Dated: 5/17/2011